**SOUTH CAROLINA STATE PORTS AUTHORITY, Plaintiff–Appellee,**

v.

**NATIONAL LABOR RELATIONS BOARD; Willie L. Clark, Jr., acting in his official capacity as Regional Director for Region 11 of the National Labor Relations Board, Defendants–Appellants,**

**General Drivers, Warehousemen and Helpers Local Union No. 509, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Intervenors,**

and

**State of South Carolina, ex rel. T. Travis Medlock, South Carolina Attorney General, Amicus Curiae.**

**No. 89–1583.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1990.

Decided Sept. 12, 1990.

Eric G. Moskowitz, Deputy Asst. Gen. Counsel for Special Litigation, N.L.R.B., argued, Patrick J. Szymanski, Baptiste and Wilder, P.C., Washington, D.C., argued (Jerry M. Hunter, Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Abby Propis Simms, N.L.R.B., Washington, D.C., on brief), for appellants.

Joseph Andrew Rhodes, Jr., argued (E. Leigh Mullikin, Anthony M. Emanuel,

# 50

Haynsworth, Baldwin, Johnson and Greaves, P.A., Greenville, S.C., William H. Vaughan, Jr., Vaughan, Robson & Lawrence, Charleston, South Carolina, on brief), for appellee.

T. Travis Medlock, Atty. Gen., Edwin E. Evans, Chief Deputy Atty. Gen., Samuel L. Wilkins, Asst. Atty. Gen., Office of the Atty. Gen., Columbia, S.C., for amicus curiae.

Before HALL and WILKINSON, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.

WILKINSON, Circuit Judge:

In this case, we must determine whether the district court possessed subject matter jurisdiction to enjoin the National Labor Relations Board from holding a representation hearing on behalf of the employees of the South Carolina State Ports Authority. The district court ruled that the State Ports Authority is a "political subdivision" of the state of South Carolina, that it is thus not an "employer" within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and that it is therefore not subject to the strictures of the Act. Accordingly, the district court determined that it had jurisdiction under the Supreme Court's decision in *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), to prevent the Board from holding a representation hearing in clear derogation of its statutory authority. We hold that the district court's invocation of *Leedom* was premature, as the Board had not had any opportunity to make the threshold jurisdictional determination whether the State Ports Authority is an "employer" subject to the Board's authority. Because the Board must be given the initial opportunity to address its own jurisdiction, we reverse the judgment of the district court.

## I.

On September 25, 1989, Local Union No. 509 of the General Drivers, Warehousemen and Helpers filed a representation petition with the National Labor Relations Board seeking certification as the exclusive collective bargaining representative of a unit of operations employees at the South Carolina State Ports Authority. On October 10, 1989, the Authority moved to dismiss the petition asserting that it was not an "employer" within the meaning of Section 2(2) of the National Labor Relations Act. That section provides that "[t]he term 'employer' ... shall not include ... any State or political subdivision thereof...." 29 U.S.C. § 152(2). The Authority argued that it was a "political subdivision" of the state of South Carolina and therefore beyond the Board's jurisdiction. The union opposed the motion to dismiss, contending that whether the Authority was a political subdivision of the state depended upon a factual determination which had never been made by the Board.

What happened next is a matter of some dispute. The Board maintains that it decided that an evidentiary hearing was necessary to determine whether the Authority was a political subdivision and that it so notified the Authority. The Authority, on the other hand, contends that it was informed that its motion to dismiss was denied and that the Board intended to proceed with a hearing on the merits of the representation petition. On October 19, 1989, the Board issued a Notice of Representation Hearing for October 31, 1989.

On October 30, 1989, the Authority filed a motion for a temporary restraining order in federal district court to prevent the Board from proceeding with a hearing. The district court issued the restraining order. The Authority then moved for a preliminary injunction. The Board opposed the motion and also filed a motion to dismiss the complaint. Attached to the Board's motion was the sworn statement of its Acting Regional Director stating that notwithstanding any prior misunderstanding to the contrary, the Board did indeed intend to hold an evidentiary hearing on whether the Authority constituted a political subdivision. The district court granted

the Authority's motion for a preliminary injunction.

The Board appeals.

## II.

Section 9 of the National Labor Relations Act vests in the National Labor Relations Board the responsibility to conduct representation and certification proceedings. 29 U.S.C. § 159. As a general matter, courts lack subject matter jurisdiction to review these proceedings. *See Boire v. Greyhound Corp.*, 376 U.S. 473, 476, 84 S.Ct. 894, 896, 11 L.Ed.2d 849 (1964). Instead, if a party is dissatisfied with a Board decision, it must ordinarily await an unfair labor practice proceeding in which, for example, an employer refuses to bargain with a Board certified representative on the grounds that an election was allegedly tainted by unlawful practices or was held in an inappropriate bargaining unit. The order resulting from the unfair labor practice proceeding is then reviewable by a federal court of appeals when the aggrieved party petitions for review of the order or the Board seeks its enforcement. *See id.* at 476–77, 84 S.Ct. at 896–97; *American Federation of Labor v. NLRB*, 308 U.S. 401, 409–11, 60 S.Ct. 300, 304–05, 84 L.Ed. 347 (1940); 29 U.S.C. § 160(e), (f).

However, in *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the Supreme Court enunciated an exception to the general rule of nonreviewability of Board representation proceedings by federal courts. In *Leedom*, a labor association representing nonsupervisory professional employees at a Westinghouse plant petitioned the NLRB for certification as the exclusive collective bargaining agent for all such employees at the plant. The Board held a hearing on the petition, and permitted a competing labor organization to intervene. At the request of the competing labor organization, the Board expanded the collective bargaining unit to include nine nonprofessional employees. Section 9(b)(1) of the National Labor Relations Act explicitly provides that professional and nonprofessional employees not be included within the same bargaining unit "unless a majority of such professional employees vote for inclusion in such unit." 29 U.S.C. § 159(b)(1). Nonetheless, the Board refused to take a vote among the professional employees to determine whether they favored inclusion in the same unit with the nonprofessional employees. Instead, the Board proceeded to hold an election in which the original labor association won a majority of the votes. The Board certified the association as the representative of the unit.

Although victorious in the election, the president of the association brought suit in federal district court alleging that the Board had exceeded its statutory power by including professional employees without their consent in the same bargaining unit with nonprofessional employees. The Board contended that the district court lacked subject matter jurisdiction to review the Board's determination made in the representation proceeding. The district court concluded that it possessed jurisdiction and set aside the Board's determination of the bargaining unit, the election, and the certification.

The Supreme Court affirmed the judgment of the district court. It held that the district court possessed subject matter jurisdiction to invalidate the Board's ruling because "[t]his suit [wa]s not one to 're-view' ... a decision of the Board made within its jurisdiction. Rather it [wa]s one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." *Leedom*, 358 U.S. at 188, 79 S.Ct. at 188. Thus, *Leedom* establishes that, at least in some circumstances, federal district courts possess subject matter jurisdiction to invalidate Board actions that clearly fall outside the Board's jurisdiction.

## III.

The Authority contends that the district court could proceed under *Leedom* to issue the injunction because the Board would plainly be acting outside its jurisdiction by holding a representation hearing. The Authority argues that it is a political subdivision of the state within the meaning of section 2(2) of the National Labor Relations Act, and that it therefore is not subject to Board jurisdiction. The Supreme Court

has suggested that an entity qualifies as a state or a political subdivision of a state if it is " 'either (1) created directly by the state, so as to constitute [a] department[ ] or administrative arm[ ] of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.' " *NLRB v. Natural Gas Utility District*, 402 U.S. 600, 604–05, 91 S.Ct. 1746, 1749, 29 L.Ed.2d 206 (1971). The Authority maintains that it fits this definition since it was created by state statute, it has the power of eminent domain, it is exempt from paying state, county, and municipal taxes, it is operated on a nonprofit basis, and the members of its governing body are appointed by the governor with the advice and consent of the state senate. The Authority also points to a number of decisions in the district of South Carolina indicating that it is an agency or instrumentality of the state of South Carolina. *See, e.g., Simmons v. South Carolina State Ports Auth.*, 495 F.Supp. 1239, 1241 (D.S.C.1980). The Board does not necessarily disagree, but seeks only the right to make its own determination after a hearing in which both the union and the Authority would have a chance to make their case.

While the Authority may well be an agency or instrumentality of the state of South Carolina, we think that this is a determination for the Board to make in the first instance. In *Leedom*, the Supreme Court did not rule that the district court possessed jurisdiction until after the Board had acted by including nonprofessional employees in the same bargaining unit with professional employees. *See Leedom*, 358 U.S. at 186, 79 S.Ct. at 182. Here, however, the Board has not yet acted. It has never passed on the jurisdictional question of whether the Authority is a political subdivision. The Authority would have us assume that the Board necessarily will rule that the Authority is not a state agency and will proceed to hold an election. We refuse to make any such assumption. The Board assures us that it intends to hold an

evidentiary hearing to resolve this question. We have every confidence that the Board will act in good faith and will conscientiously examine the facts before it to reach a decision that comports with the law. Until the Board has held its hearing and decided the jurisdictional issue, it is impossible to say that it has acted "in excess of its delegated powers and contrary to a specific prohibition in the Act." *Id.* at 188, 79 S.Ct. at 183.

It is true that the Board may undertake at its hearing to consider not only the jurisdictional question, but also representation issues. However, it lies within the discretion of the Board to consolidate these inquiries into a single hearing to promote efficiency. The nature and scope of Board representation proceedings "were intentionally not specified in the Act but were to be developed in light of the Board's experience and expertise." *Newport News Shipbuilding & Dry Dock Co. v. NLRB*, 633 F.2d 1079, 1081 (4th Cir.1980). The Board at oral argument has, however, represented that it will not hold the jurisdictional issue under advisement pending the outcome of an election. The Board has also represented that if it decides that the Authority is not a political subdivision, it will notify the Authority of that decision prior to directing that any election be held. As long as the Board has rendered no decision and taken no action, however, the *Leedom* exception has not been triggered and a district court lacks subject matter jurisdiction to prevent the Board from holding an evidentiary hearing to determine its own jurisdiction.*

### IV.

The Board urges us to go further and to hold that even if it determines that the Authority is not an agency of the state, the *Leedom* exception would still be inapplicable and review would only be appropriate after an election has been directed and held, its results have been certified, the

---

* In assuming subject matter jurisdiction in this case, the district court also relied upon the exception to nonreviewability created in *McCulloch v. Sociedad Nacional de Marineros*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). *McCulloch* involved "highly charged international circumstances" concerning the maritime operations of foreign flagships employing foreign seamen. *Id.* at 21, 83 S.Ct. at 677. Where, as here, such weighty international concerns are not implicated, *McCulloch* is inapposite.

employer has refused to bargain, and the Board has sought enforcement, and then only in a federal court of appeals. We decline to adopt this position. To resolve this case, we need only hold that the district court did not possess subject matter jurisdiction to issue an injunction prior to the Board having taken any action. We leave open the question whether *Leedom* would be applicable and whether subject matter jurisdiction would lie if the Board were to decide that the Authority is not a political subdivision and to assert jurisdiction.

V.

For the foregoing reasons, the judgment of the district court is

REVERSED.